

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES S. GIVIANPOUR** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No: 2:12-CV-00325-SLB |
| | ) |
| **CITIZENS TRUST BANK** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Judgment on the Pleadings.  (Doc. 4.)[1]  A Submission Order was issued by the court on October 26, 2012, in which the court ordered plaintiff to file his opposition to the defendant's Motion on or before November 27, 2012.  (Doc. 6.)  To date, the plaintiff has not complied. Upon consideration of the record, the defendant's submission, and the relevant law, the court is of the opinion that defendant's Motion for Judgment on the Pleadings, (doc. 4), is due to be granted.

### I. STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1114, 1117 (11th Cir.1999)). When considering a motion for judgment on the pleadings, the court "'must accept all facts in the complaint as true and view them in the light most favorable to the plaintiff[].'" *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006) (quoting *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)). "Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Service, Inc.*, 413 F. App'x 173, 174 (11th Cir. 2011) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

## II. FACTS[2]

Plaintiff, Charles S. Givianpour, owned eight parcels of property that were subject to a mortgage loan in favor of defendant, Citizens Trust Bank. (Doc. 1 ¶¶ 4-5; Doc. 4 ¶ 2.) As part of the mortgage agreement, plaintiff had granted defendant the right to sell any or all of the properties either in one sale or in separate sales. (Doc. 4 ¶ 3; *see also* doc. 1 at 14 ["in an by the terms of said mortgage, [Citizens Bank was] authorized and empowered to sell the hereinafter described property upon default in the payment of the principal sum secured by said mortgage and interest thereon, at auction for cash, at the Jefferson County Courthouse, in the City of Bessemer, Alabama"].) Plaintiff defaulted on the loan. (*See* doc. 1 at 14.)

---

[2]As stated above, for purposes of considering the Motion for Judgment on the Pleadings, the facts in the Complaint are accepted as true and viewed in the light most favorable to the plaintiff.

After notice, defendant held a public sale at the Jefferson County Courthouse in Bessemer on September 30, 2010. (*Id*.; doc. 4 ¶ 2.) "[A]t the sale, each of the eight parcels were offered for sale separately, to which no bids were made." (Doc. 1 at 14.) Defendant "then offered all [eight parcels] together, whereby Citizens Trust Bank . . . was the highest bidder for the sale of the property as a whole at and for the sum of Five Hundred Thirty-Eight Thousand One Hundred Twenty-Six and 24/100 Dollars ($538,126.24), and said property was sole to [defendant Citizens Bank] at and for the sum aforesaid." (*Id*.; *see also id*. at 8 ¶ 6.)

Plaintiff filed the current action in the Circuit Court of Jefferson County, Alabama, Bessemer Division, on December 8, 2011. (*Id*. at 8.) Defendant filed its Notice of Removal in this court on January 31, 2012, based on diversity jurisdiction. (*Id*. at 1.) In his Complaint, plaintiff alleges "[d]efendant wrongfully foreclosed upon [plaintiff's] properties by foreclosing upon the properties en masse rather than as individual properties. (*Id*. at 9 ¶ 9.) Also, plaintiff alleges causes of action based on slander of title, negligent/wilful/wanton breach of the duty to exercise reasonable care in proceeding with foreclosure, breach of implied covenant of good faith and fair dealing, unjust enrichment, redemption, and breach of contract. (*Id*. at 9-13.)

### III. DISCUSSION

Though the court deems the Motion for Judgment on the Pleadings to be unopposed, it has considered and agrees with the substance of the defendant's arguments in the Motion.

**A. Count I – Wrongful Foreclosure**

Plaintiff alleges, "The Defendant wrongfully foreclosed upon Givianpour's properties by foreclosing upon the properties en masse rather than as individual properties. (Doc. 1 at 9 ¶ 9.)

Defendant cites the repealed Ala. Code § 6-5-230, replaced by Ala. Code § 6-5-248, and argues that this claim is barred by a one year redemption period. However, the statute of limitations to set aside a sale for wrongful foreclosure, codified in Ala. Code § 6-9-147, is actually two years. *Browning v. Palmer*, 4 So. 3d 524, 528 (Ala. Civ. App. 2008)(citing *Garris v. Federal Land Bank of Jackson*, 584 So. 2d 791, 795 (Ala. 1991)). Therefore, the court finds that plaintiff's wrongful foreclosure claim is not time-barred.

However, defendant also argues that selling the eight parcels together did not violate the terms of the mortgage and cannot be wrongfully, especially since the properties were offered for sale individually. The foreclosure deed indicates that defendant offered the properties for sale separately first, and it offered them for sale together only after not receiving a bid for any of the individual parcels. (Doc. 1 at 14.) Such conduct is allowed under Alabama law. *See Ames v. Pardue,* 389 So. 2d 927, 930-31 (Ala. 1980). Plaintiff has alleged no facts and offered no argument that defendant's conduct was wrongful under the circumstances.

Therefore, defendant's Motion for Judgment on the Pleadings as to Count I of plaintiff's Complaint will be granted and this claim will be dismissed.

### B.  COUNT II – SLANDER OF TITLE

Plaintiff alleges, "As a result of the Defendant's wrongful foreclosure, the Defendant caused a Foreclosure Deed to be recorded slandering Givianpour's title to the properties." (Doc. 1 at 9 ¶ 11.)  For the reason set forth above, the court finds defendant did not wrongfully foreclose on the properties at issue.  Therefore, this claim, which is derivative of plaintiff's wrongful foreclosure claim, is due to be dismissed.

Also, the court notes that plaintiff has not alleged any facts upon which the court can infer that defendant acted with malice or that any terms of the Foreclosure Deed are false. Slander of title, as codified in Ala. Code § 6-5-211, requires falsity of words published as well as malice in the part of the defendant, among other elements.  *See Patterson v. United Companies Lending Corp.*, 4 F. Supp. 2d. 1349, 1355 (M.D. Ala. 1998).  Without such facts, the court finds plaintiff has not stated a plausible claim for slander of title.

The court finds that defendant's Motion for Judgment on the Pleadings is due to be granted and plaintiff's Count II of plaintiff's Complaint is due to be dismissed.

### C.  COUNT III – NEGLIGENCE/WILFULNESS/WANTONNESS

Plaintiff's Complaint alleges:

> 14.  At all times relevant herein, Defendant had a duty to exercise reasonable care and skill in proceeding with any action to foreclose upon Givianpour's properties.
>
> 15.  Defendant failed to discharge and fulfill those duties by, inter alia, foreclosing upon Givianpour's properties en masse.
>
> 16.  On or about October 1, 2010, the Defendant negligently foreclosed

upon Plaintiff's property.

17. As a proximate result of Defendant's negligent, willful or wanton misconduct in the conducting of the foreclosure sale, the Plaintiff was caused to suffer damages through the loss of his property, selling of Plaintiff's property at a substantially reduced price, and conducting the sale in such a manner as to eliminate the Plaintiff's ability to redeem individual parcels.

18. The Plaintiff made a demand upon the Defendant for lawful charges.

19. In response, the Defendant provided a statement of lawful charges pertaining to the parcels en masse rather than as individual parcels. As a result, the Plaintiff was unable to proceed with redeeming individual parcels.

20. The Plaintiff had a purchaser ready to buy various parcels if Plaintiff had been able to redeem.

21. Plaintiff was ready, willing and able to redeem individual parcels but was precluded from doing so due to the Defendant's foreclosure en masse.

(Doc. 1 at 9-10 ¶¶ 14-21.)

Plaintiff cannot establish that defendant acted negligently, wilfully, and/or wantonly in selling all eight properties together at the foreclosure sale. Moreover, because the properties were sold as a single unit, plaintiff cannot attempt to redeem individual properties from the single unit. The mortgage agreement gave defendant the right to sell all eight properties together at a foreclosure sale and, before selling the properties together, defendant actually offered the eight properties for sale individually, but had no bids. Plaintiff has not alleged any facts from which the court can infer that it has a plausible claim against defendant for negligent, willful, and/or wanton conduct related to the foreclosure sale or plaintiff's desire to redeem some but not all of the individual properties.

Defendant's Motion for Judgment on the Pleadings will be granted and Count III of plaintiff's Complaint will be dismissed.

## D. COUNT IV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff alleges that "Defendant breached the implied covenant of good [faith] and fair dealing by foreclosing upon the properties en masse." (Doc. 1 at 11 ¶ 25.)

In Alabama, "bad faith is not actionable absent an identifiable breach in the performance of specific terms of the contract." *Deerman v. Federal Home Loan Mortgage Corp.*, 955 F. Supp. 1393, 1403 (N.D. Ala. 1997); *see also Winner Intern. Corp. v. Common Sense, Inc.*, 863 So. 2d 1088, 1095 (Ala. 2003). Because the mortgage contract granted the defendant the discretion to sell the properties en masse, the plaintiff has not established a breach of the contract at issue, much less a breach of good faith and fair dealing of the contract.

## E. COUNT V – UNJUST ENRICHMENT

Plaintiff alleges, "By its wrongful acts and omissions, the Defendant has been unjustly enriched at the expense of Givianpour, and thus Givianpour has been unjustly deprived." (Doc. 1 at 11 ¶ 27.) Plaintiff cannot establish that defendant was **unjustly enriched**. To prevail on an unjust enrichment claim, the plaintiff must establish "mistake or misreliance by the donor or wrongful conduct by the recipient." *Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama*, 42 So. 3d 1216, 1225 (Ala. 2010). Plaintiff defaulted on a loan, which caused the need for a foreclosure sale. Defendant was unable to sell the properties individually;

therefore, it combined the properties for sale. It bought the bundled properties. Nothing in the Complaint alleges that defendant made any profit on its business dealings with Givianpour or the properties at issue. Because plaintiff has not alleged any set of facts in which defendant has breached the contract at issue or breached a duty to the plaintiff, plaintiff has not shown that the defendant was unjustly enriched.

Defendant's Motion for Judgment on the Pleadings is due to be granted and Count V of plaintiff's Complaint will be dismissed.

### F. COUNT VI – REDEMPTION

Plaintiff alleges that he is ready to redeem the properties, but he has been "unable to ascertain the lawful charges as to the individual parcels from the Defendant's statement of lawful charges," which provided the lawful charges for "the properties en masse." (Doc. 1 at 12 ¶¶ 34-37.)

Plaintiff's complaint seeking redemption is outside the applicable one year time period. Pursuant to Ala. Code § 6-5-248, there is a one year statutory right of redemption that starts to run on the date of the foreclosure. Plaintiff's Complaint seeking to redeem the properties was December 8, 2011 – two months after the statutory period expired.

Defendant's Motion for Judgment on the Pleadings will be granted and Count VI of plaintiff's Complaint will be dismissed.

### G. COUNT VII – BREACH OF CONTRACT

Plaintiff alleges that defendant "breached [the mortgage contract] by failing to adhere

8

to the terms and implied conditions of good faith and fair dealing relating to the conducting of a mortgage foreclosure sale." (Doc. 1 at 13 ¶ 40.) For the reasons set forth above, the court finds that plaintiff has not alleged facts sufficient to state a plausible claim for wrongful foreclosure and/or breach of an implied duty of good faith and fair dealing. Therefore, this claim, alleging a breach of such terms in the mortgage contract, is also due to be dismissed.

Therefore, defendant's Motion for Judgment on the Pleadings will be granted and Count VII will be dismissed.

### IV. CONCLUSION

Based on the foregoing, defendant's Motion for Judgment on the Pleadings, (doc. 4), will be granted as to all Counts in plaintiff's Complaint. An Order granting defendant's Motion for Judgment on the Pleading and dismissing plaintiff's claims will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 6th day of March, 2013.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE